UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2650 PA (JCx) | Date | June 24, 2024 |
|---|---|---|---|
| Title | Marva King v. Tyler Perry, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss Pursuant to FRCP 12(b)(2) and 12(b)(6) ("Motion to Dismiss"), filed by defendants Tyler Perry ("Perry") and Tyler Perry Studios, LLC ("TPS") (collectively, "Moving Defendants").[1] (Docket No. 28.) The motion has been fully briefed.[2] (See Docket Nos. 37, 42.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for June 24, 2024, was vacated and the matter taken off calendar.

## I. Background

On January 3, 2001, Plaintiff entered into a Performance Agreement ("PA") with defendant Arthur Primus ("Primus") for her performance in a play entitled "Diary of a Mad Black Woman" (the "Play"), from January 2 through June 17, 2001. Perry wrote, produced, and directed the Play. Plaintiff alleges that Defendants exceeded the PA's terms by releasing and distributing a video recording of the Play ("the Film"). Plaintiff contends that she never authorized Defendants to "commercially exploit" her "image, likeness, voice and collaborative creative contributions," and that she "suffered commercial damage" due to "the loss of payment" from potential licensing opportunities "that would have existed" had a new contract been executed. (Id. ¶¶ 20, 26.)

---

[1] Arthur Primus is also a named defendant, but has not appeared.

[2] According to Local Rule 7-9, Plaintiff's Opposition was due by June 3, 2024, yet Plaintiff filed her Opposition one day late. Although the Court has considered Plaintiff's late-filed Opposition, the Court is unlikely to consider any late papers Plaintiff files in the future. See L.R. 7-12. Any further violations of the Local Rules, the Federal Rules of Civil Procedure, or the Court's Orders may result in the imposition of sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2650 PA (JCx) | Date | June 24, 2024 |
|---|---|---|---|
| Title | Marva King v. Tyler Perry, et al. | | |

The First Amended Complaint ("FAC") alleges seven claims for relief: (1) trade name and trademark infringement in violation of 15 U.S.C. § 1125(a) & (c)(1); (2) "unlawful appropriation of right of publicity common law"; (3) "unauthorized commercial usage name, image, voice[,] signature[,] photograph or likeness," in violation of Cal. Civ. Code §§ 3344 & 3344.1; (4) spoliation of evidence; (5) breach of contract; (6) tortious interference with prospective economic relations; and (7) intentional infliction of mental anguish. (Id. at pp. 6–12.) Moving Defendants seek to dismiss Plaintiff's claims.

## II. Evidentiary Objections and Requests for Judicial Notice

Moving Defendants object to Plaintiff's Exhibit A, a photograph of an Amazon webpage. (Docket No. 43.) Because the Court does not rely on the exhibit in reaching its decision on the Motion to Dismiss, the Court denies the objections as moot.

Moving Defendants also request that the Court take judicial notice of: (1) a Trakt.tv webpage that is referenced in the FAC; and (2) screenshots of the opening credits of the Film. (Docket No. 31.) Plaintiff does not oppose the requests. In ruling on a Rule 12(b)(6) motion to dismiss, a court may take judicial notice of matters referred to in the complaint, but not attached, where the document's authenticity is not contested and the complaint necessarily relies on it. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). A court may also judicially notice publicly accessible websites. See Minor v. FedEx Off. & Print Servs., Inc., 78 F. Supp. 3d 1021, 1027 (N.D. Cal. 2015) ("Proper subjects of judicial notice when ruling on a Rule 12 motion include court documents already in the public record and . . . publicly accessible websites." (internal citations omitted)). Accordingly, the Court grants Moving Defendants' requests.

## III. Legal Standards

### A. Rule 12(b)(2)

A defendant may move to have a complaint dismissed for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing personal jurisdiction. Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). If a court has not heard testimony or made factual determinations, however, the plaintiff must only make a prima facie showing of personal jurisdiction. See id. The plaintiff may use affidavits of knowledgeable witnesses in meeting its burden of proving jurisdiction. Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). In determining whether the plaintiff has met this burden, a court must take the allegations in the plaintiff's complaint as true and resolve disputed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2650 PA (JCx) | Date | June 24, 2024 |
|---|---|---|---|
| Title | Marva King v. Tyler Perry, et al. | | |

jurisdictional facts in the plaintiff's favor. Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588–89 (9th Cir. 1996).

Before this Court can exercise jurisdiction, an applicable state rule or statute must potentially confer personal jurisdiction over the out-of-state defendant. Fed. R. Civ. P. 4(k). The California long-arm statute provides that a court may exercise jurisdiction on any basis not inconsistent with the State Constitution or the Constitution of the United States. Cal. Civ. Proc. Code § 410.10. Section 410.10 thus imposes limits on the power of California courts to exercise personal jurisdiction that are "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court." Data Disc, 557 F.2d at 1286 (quoting Republic Int'l Corp. v. Amco Eng'rs, Inc., 516 F.2d 161, 167 (9th Cir. 1975).

A defendant's activities involving the forum state should be such that the defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 564, 62 L. Ed. 2d 490 (1980). Courts have adopted a two-tiered approach to analyze whether a non-resident defendant's contacts with the forum state are sufficiently substantial so as to comport both with the Constitution and with traditional notions of fair play and substantial justice. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). This two-tiered approach involves a determination of whether a court has general or specific jurisdiction over a defendant. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).

### 1. General Jurisdiction

General jurisdiction exists when there are "substantial" or "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). The contacts with the forum state must be of a sort that "approximate physical presence." Id.; see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) ("This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." (citing Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986))).

### 2. Specific Jurisdiction

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2650 PA (JCx) | Date | June 24, 2024 |
|---|---|---|---|
| Title | Marva King v. Tyler Perry, et al. | | |

defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" Walden v. Fiore, 571 U.S. 277, 283–84, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775, 104 S. Ct. 1473, 1478, 79 L. Ed. 790 (1984)). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Id. at 284. In analyzing the relationship between the defendant, the forum, and the particular lawsuit, "the relationship must arise out of contacts that the 'defendant himself' creates with the forum State," and that analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Id. at 284–85; see also id. at 286 ("To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interaction with other persons affiliated with the State." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985)).

**B.      Rule 12(b)(6)**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), they also require all pleadings to be "construed so as to do justice," Fed. R. Civ. P. 8(e). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Twombly, 550 U.S. at 561. Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")); see also Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2650 PA (JCx) | | Date | June 24, 2024 |
|---|---|---|---|---|
| Title | Marva King v. Tyler Perry, et al. | | | |

and construed in the light most favorable to the nonmoving party." (quoting Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000))). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

**IV.  Discussion**

    **A.  Personal Jurisdiction**

Moving Defendants contend that TPS is not subject to general or specific personal jurisdiction in this Court. The Court agrees.

"In determining whether general jurisdiction exists over a limited liability company, the Court is guided by personal jurisdiction jurisprudence concerning corporations." Athena Cosms., Inc. v. U.S. Warehouse, No. CV 19-8466-MWF (MRW), 2020 WL 1969260, at *4 (C.D. Cal. Mar. 5, 2020). "General [personal] jurisdiction over a corporation is appropriate only in the forum where the corporation is incorporated or has its principal place of business, or in exceptional cases where the corporation's contacts with the forum state are 'so constant and pervasive as to render [it] essentially at home in the forum State.'" Reynolds v. Binance Holdings Ltd., 481 F. Supp. 3d 997, 1003 (N.D. Cal. 2020) (quoting Daimler AG v. Bauman, 571 U.S. 117, 122, 134 S. Ct. 746, 751, 187 L. Ed. 2d 624 (2014)).

Here, TPS is a Georgia limited liability company with its principal place of business in Atlanta. TPS's General Counsel asserts "TPS is not currently authorized to transact business in California and was not so qualified as of the date the Complaint in this action was filed." (Docket No. 30 ¶ 6.). Accordingly, this Court lacks general personal jurisdiction over TPS.

The Ninth Circuit has developed a three-part test for assessing the exercise of specific personal jurisdiction over a party:

    (1)    The non-resident defendant must purposefully direct his activities or consummate some transaction with the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2650 PA (JCx) | | Date | June 24, 2024 |
|---|---|---|---|---|
| Title | Marva King v. Tyler Perry, et al. | | | |

          forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

    (2)    The claim must be one which arises out of or relates to the defendant's forum-related activities; and

    (3)    The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)); see Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988). "The plaintiff bears the burden of satisfying the first two prongs of the test . . . . If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 476–78).

        A defendant purposefully avails himself of the privilege of conducting activities in the forum by deliberately "engag[ing] in significant activities within a State or [creating] 'continuing obligations' between himself and the residents of the forum." Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990) (quoting Burger King, 471 U.S. at 475–76). Purposeful direction requires "that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).

        TPS submits that it does have employees in California, conduct sales or marketing in California, own property in California, advertise in California, have an office in California, etc. (Docket No. 30 ¶ 7–24.) and "had no role in the production, filming, editing, or distribution of the Film." (Id. ¶ 4.) Notably, TPS was not even formed until 2006, several years after the Play and the release of the Film. (Id. ¶ 5.) As a result, the Court finds that it lacks specific personal jurisdiction over TPS.

        Plaintiff requests that the Court grant her leave to "acquire limited discovery" to respond to Moving Defendants' Rule 12(b)(2) challenge. (Docket No. 37 at p. 9.) However, Plaintiff does not explain how jurisdictional discovery would yield facts that would support the Court's exercise of personal jurisdiction over TPS. See LNS Enterprises LLC v. Cont'l Motors, Inc., 22 F.4th 852, 864–65 (9th Cir. 2022) ("[A] mere 'hunch' that [discovery] might yield jurisdictionally relevant facts . . . or 'bare allegations in the face of specific denials,' are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2650 PA (JCx) | | Date | June 24, 2024 |
|---|---|---|---|---|
| Title | Marva King v. Tyler Perry, et al. | | | |

insufficient reasons for a court to grant jurisdictional discovery." (internal citations and quotations omitted)); Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986). Accordingly, the Court denies Plaintiff's request.

### B. Lanham Act Claim

Plaintiff alleges that Defendants infringed her "non-registered trade mark and trade name, 'Marva King,'" in violation of the Lanham Act, by using her name ("the Mark") in the Film. (Docket No. 23 ¶¶ 30–35.) The Mark appears in the Film's credits. Moving Defendants contend that Plaintiff's Lanham Act claim should be dismissed because: (1) the use of the Mark in the Film constitutes a "nominative fair use"; (2) the claim is barred under Rogers v. Grimaldi, 875 F.2d 994 (2d Cir. 1989); and (3) the claim is preempted under Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 123 S. Ct. 2041, 156 L. Ed. 2d 18 (2003).

#### 1. Nominative Fair Use

The Ninth Circuit recognizes a "fair use" defense as a bar to Lanham Act claims "where the mark is used only 'to describe the goods or services of [a] party, or their geographic origin.'" New Kids on the Block v. News Am. Pub., Inc., 971 F.2d 302, 306 (9th Cir. 1992) (quoting 15 U.S.C. § 1115(b)(4)). A "nominative use of a mark – where the only word reasonably available to describe a particular thing is pressed into service – lies outside the strictures of trademark law: Because it does not implicate the source-identification function that is the purpose of trademark, it does not constitute unfair competition; such use is fair because it does not imply sponsorship or endorsement by the trademark holder." Id. at 308 (emphasis removed).

To successfully assert a nominative fair use defense, a defendant must establish the following three elements: "[1] the [plaintiff's] product or service in question must be one not readily identifiable without use of the trademark; [2] only so much of the mark or marks may be used as is reasonably necessary to identify the [plaintiff's] product or service; and [3] the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder." Cairns v. Franklin Mint Co., 292 F.3d 1139, 1151 (9th Cir. 2002) (internal quotations omitted). A Lanham Act claim protected by the nominative fair use defense is subject to dismissal. See, e.g., Dr. Seuss Enterprises, L.P. v. ComicMix LLC, 256 F. Supp. 3d 1099, 1112 (S.D. Cal. 2017) ("Courts in our Circuit have considered and dismissed causes of action on nominative fair use grounds at the motion to dismiss stage."); Basil v. New Razor & Tie Enterprises, LLC, No. CV 17-8728 PA (AGRX), 2018 WL 3869480, at *4 (C.D. Cal. Feb. 14, 2018) (finding nominative fair use defense applicable and dismissing Lanham Act claim).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2650 PA (JCx) | Date | June 24, 2024 |
|---|---|---|---|
| Title | Marva King v. Tyler Perry, et al. | | |

Here, all three requirements are met. First, it would not be possible to credit Plaintiff's performance in the Film without using her name. See New Kids on the Block v. News Am. Pub., Inc., 971 F.2d 302, 306 (9th Cir. 1992) (noting it is not "reasonably possible . . . to refer to the New Kids as an entity . . . without using the trademark"). Second, the Mark is only used in the Film to credit Plaintiff for her performance. And third, Plaintiff's credit does not suggest her "sponsorship or endorsement" of the film. Accordingly, Plaintiff alleges no more than a nominative fair use of the Mark.

    **2.    Rogers**

Under the "Rogers test," which the Ninth Circuit has adopted, "[a]n artistic work's use of a trademark that otherwise would violate the Lanham Act is not actionable unless [1] the [use of the mark] has no artistic relevance to the underlying work whatsoever, or, [2] if it has some artistic relevance, unless [it] explicitly misleads as to the source or the content of the work." E.S.S. Ent. 2000 v. Rock Star Videos, 547 F.3d 1095, 1099 (9th Cir. 2008) (internal quotations omitted) (citing Rogers, 875 F.2d at 999)). Moving Defendants do not contend that Plaintiff's Mark is not "artistically relevant" to the Film; rather, they contend that the use of the Mark does not "explicitly mislead" viewers as to the Film's source.

To be "'explicitly misleading' under Rogers's second prong, there must be an explicit indication, overt claim, or explicit misstatement about the source of the work." Punchbowl, Inc. v. AJ Press, LLC, 90 F.4th 1022, 1028 (9th Cir. 2024) (internal quotations omitted). The use of a mark alone is not enough. See Dickinson v. Ryan Seacrest Enters., Inc., No. CV 18-2544-GW (JPRx), 2018 WL 6112628 (C.D. Cal. Oct. 1, 2018) ("[T]he mere use of Plaintiff's likeness, image, and name in the Episode is not enough to satisfy this prong."). Moreover, a Lanham Act claim that is barred by Rogers is subject to dismissal. See Stewart Surfboards, Inc v. Disney Book Grp., LLC, No. CV 10-2982 GAF (SSx), 2011 WL 12877019, at *8 (C.D. Cal. May 11, 2011) (dismissing claim with prejudice where the Court concluded that "the use of the trademark is artistically relevant" and there was no misrepresentation of Plaintiff's sponsorship).

Plaintiff's Lanham Act claim is based on the use of her name in the credits of the Film, but that does not "explicitly mislead" viewers as to the Film's source. Therefore, the claim is barred under Rogers.

    **3.    Dastar**

Trademark law may not be asserted via claims that tread "into areas traditionally occupied by . . . copyright." Dastar, 539 U.S. at 34; see also 17 U.S.C. § 301(a). "The Lanham Act prohibits conduct that would confuse consumers as to the origin, sponsorship, or approval of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2650 PA (JCx) | Date | June 24, 2024 |
|---|---|---|---|
| Title | Marva King v. Tyler Perry, et al. | | |

goods or services." OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc., 897 F.3d 1008, 1013 (9th Cir. 2018). The Copyright Act, on the other hand, "affords copyright owners the 'exclusive rights' to display, perform, reproduce, or distribute copies of a copyrighted work, to authorize others to do those things, and to prepare derivative works based upon the copyrighted work." Maloney v. T3Media, Inc., 853 F.3d 1004, 1010 (9th Cir. 2017) (citing 17 U.S.C. § 106). An alleged Lanham Act claim that "is more accurately conceived of as attacking unauthorized copying" is subject to dismissal under Dastar. See Slep-Tone Ent. Corp. v. Wired for Sound Karaoke & DJ Servs., LLC, 845 F.3d 1246, 1250 (9th Cir. 2017) (citing Dastar, 539 U.S. at 34); see also Lauter v. Rosenblatt, No. CV 15-08481 DDP (KSx), 2017 WL 6205784, at *7 (C.D. Cal. Dec. 6, 2017) (dismissing Lanham Act claim as preempted under Dastar where plaintiff "seeks redress for [defendant's] unauthorized distribution of [plaintiff's] films"); Jones v. Twentieth Century Studios, Inc., No. CV 21-5890 PA (SKx), 2021 WL 6752228, at *9 (C.D. Cal. Dec. 7, 2021) (dismissing, without leave to amend, plaintiff's Lanham Act claim because it is preempted under Dastar).

Moving Defendants contend that Plaintiff's Lanham Act claim is preempted under Dastar because the "gravamen" of her claim is that Defendants distributed a video recording of her performance in the Play without her authorization. (Docket No. 28 at p. 10.) The Court agrees. Plaintiff's claim that Defendants misappropriated and distributed a video recording of her performance falls within the scope of the Copyright Act. See Basil, 2018 WL 3869480, at *3 (finding that defendant's alleged use of plaintiff's name and song in an advertisement and press release "fall within the scope of the Copyright Act").

The Court dismisses Plaintiff's Lanham Act claim without leave to amend because any amendment would be futile. See Zixiang Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013) ("Although a district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, [d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.") (internal quotations and citations omitted).

**Conclusion**

For all the foregoing reasons, the Court concludes that it lacks personal jurisdiction over TPS and dismisses Plaintiff's claims against TPS. The Court dismisses Plaintiff's Lanham Act claim against Moving Defendants without leave to amend.

Plaintiff also alleges her Lanham Act claim against defendant Primus. Plaintiff is ordered to show cause why the Court ruling on Plaintiff's Lanham Act claim should not apply with equal force against Primus. Plaintiff shall file her response on or before July 1, 2024. The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2650 PA (JCx) | Date | June 24, 2024 |
|---|---|---|---|
| Title | Marva King v. Tyler Perry, et al. | | |

defers ruling on Moving Defendants' motions to dismiss Plaintiff's state law claims and the "Special Motion to Strike" (Docket No. 32) until the Court resolves the pending federal claim against Primus.

    IT IS SO ORDERED.