UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 24-2650 PA (JCx) | Date | July 11, 2024 |
|---|---|---|---|
| Title | Marva King v. Tyler Perry, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

On June 24, 2024, the Court issued a Minute Order granting, in part, a Motion to Dismiss filed by defendants Tyler Perry ("Perry") and Tyler Perry Studios, LLC ("TPS"). (Docket No. 46.) The Court concluded that it lacked personal jurisdiction over TPS and, therefore, dismissed plaintiff Marva King's ("Plaintiff") claims against TPS. The Court also dismissed Plaintiff's first claim, for violations of the Lanham Act, against Perry and TPS without leave to amend.[1] Additionally, the Court noted that "Plaintiff also alleges her Lanham Act claim against defendant [Arthur] Primus" ("Primus") and ordered Plaintiff to show cause in writing why the Court's reasons for dismissal of that claim against Perry and TPS should not apply with equal force to Primus. (Id. at pp. 9–10 ("Order to Show Cause").) The Court deferred ruling on Perry and TPS's request to dismiss Plaintiff's remaining state law claims (claims two through seven in the First Amended Complaint) and Perry and TPS's "Special Motion to Strike Pursuant to the California Anti-SLAPP Statute" (Docket No. 32 ("Special Motion to Strike")) until the Court resolved the Lanham Act claim against Primus.[2] (Id.) Plaintiff filed her response to the Order to Show Cause on July 1, 2024. (Docket No. 49 ("Response").)

Plaintiff's Response is largely a reiteration of her arguments in opposition to Perry and TPS's Motion to Dismiss, which the Court already addressed in its June 24, 2024 Minute Order.

---

[1] In dismissing the Lanham Act claim against Perry and TPS without leave to amend, the Court reasoned that: (1) the use of Plaintiff's name, "Marva King" ("the Mark") in the Film is protected by the "nominative fair use defense"; (2) the claim is barred under Rogers v. Grimaldi, 875 F.2d 994 (2d Cir. 1989); and (3) the claim is preempted under Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 123 S. Ct. 2041, 156 L. Ed. 2d 18 (2003). (See Docket No. 46 at pp. 7–9.)

[2] In the Special Motion to Strike, Perry and TPS request that the Court strike four of Plaintiff's state law claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2650 PA (JCx) | Date | July 11, 2024 |
|---|---|---|---|
| Title | Marva King v. Tyler Perry, et al. | | |

(See Docket No. 46.)  Plaintiff also contends that the Court cannot dismiss the Lanham Act claim against Primus because he has not yet been served with the Summons and First Amended Complaint.  Plaintiff is incorrect.  See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 743 (9th Cir. 2008) (affirming district court's dismissal of unserved defendants where those defendants were "in a position similar to [the moving defendant]").

 The Court finds that its reasons for dismissing the Lanham Act claim against Perry and TPS apply with equal force to Primus because Plaintiff alleges that claim against all three Defendants on the same grounds.  Thus, Primus is "in a position similar to that of" Perry and TPS with respect to the Lanham Act claim.  Accordingly, for the same reasons in the Court's June 24, 2024 Minute Order, the Court dismisses Plaintiff's Lanham Act claim against Primus without leave to amend.   See Zixiang Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013) ("Although a district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, [d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.") (internal quotations and citations omitted)).

 The Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a).  Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies."  Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994).  Under § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction."  Here, the Court has dismissed the sole federal claim over which it had original jurisdiction.  Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses them without prejudice.  See 28 U.S.C. § 1367(c)(3).  Pursuant to 28 U.S.C. § 1367(d), this Order acts to toll the statute of limitations on the state law claims for a period of thirty (30) days, unless state law provides for a longer tolling period.

 Finally, because the Court has declined to exercise supplemental jurisdiction over Plaintiff's state law claims and dismissed those claims, Perry and TPS's Special Motion to Strike (Docket No. 32) is denied as moot.  The Court will issue a Judgment consistent with this Order.

 IT IS SO ORDERED.